IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN S. CLARK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 09-1195 |
| PENNSYLVANIA DEPARTMENT OF | : | |
| CORRECTIONS, et al. | : | |

**MEMORANDUM**

Ludwig, J.                                                                August 6, 2009

       This is a 42 U.S.C. § 1983 action. Plaintiff Brian Clark's complaint alleges that in 1991 he was "convicted of a number of non-residential burglaries and related charges," for which he served 9½ years in several Pennsylvania prisons. Complaint, at 1. In the course of his incarceration, plaintiff suffered depression for which he received limited treatment. Id. In 2000, plaintiff was released from prison with no marketable skills. Since his release, he has been unable to hold a job, has violated the terms of his release, resulting in an arrest in Florida, and has experienced two other "run-ins" with the law, neither of which is described in the complaint. Complaint, at 2. Plaintiff attributes these difficulties to the failure of defendants[1] to provide him with adequate psychiatric care and training during his incarceration. Complaint, at 2.

       Defendants move to dismiss the complaint on grounds of sovereign immunity and statute of limitations. The motion will be granted.[2]

---

[1] Defendants are the Pennsylvania Board of Corrections and the Pennsylvania Board of Parole.

[2] Plaintiff did not file any opposition to the motion.

Case 2:09-cv-01195-EL   Document 6   Filed 08/07/09   Page 2 of 3

The Eleventh Amendment immunizes States and state agencies from suit by private parties. U.S. Const., Amend XI. The immunity extends "to suits against departments of agencies of the state having no existence apart from the state." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981), cert. denied, 469 U.S. 886 (1984). The Commonwealth of Pennsylvania has withheld its consent to federal suit, 42 Pa.C.S.A. § 8521(b), and Congress has not acted to abrogate sovereign immunity in § 1983 cases, Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 697 (3d Cir. 1996) (citations omitted) ("[s]ince Congress expressed no intention of disturbing the states' sovereign immunity in enacting § 1983, these suits, when brought against a state, are barred by the Eleventh Amendment.")

The Department of Corrections is part of the executive branch of the Commonwealth of Pennsylvania, Lavia v. Pennsylvania Dept. of Corrections, 224 F.3d 190, 195 (3d Cir. 2000), and the Board of Parole is also a Commonwealth agency having no existence apart from the Commonwealth, Harris v. Zappan, 1999 WL 360203, at *2 (E.D. Pa., May 28, 1999). Additionally, state entities such as the Department of Corrections and the Board of Parole are not "persons" for purposes of § 1983. Will v. Michigan Dep't. of State Police,

2

491 U.S. 58, 70-71 (1989). Accordingly, plaintiff's claims against these defendants are barred and his complaint must be dismissed.[3]

BY THE COURT:

 /s/ Edmund V. Ludwig 
Edmund V. Ludwig, J.

---

[3] Defendants attach a copy of the "Order to Release on Parole/Reparole" applicable to plaintiff's incarceration. Exhibit "A". It lists plaintiff's maximum date as June 8, 2001. The Complaint alleges that plaintiff was released in 2000. Under either scenario, any contacts between plaintiff and defendants were terminated well over two years before the commencement of this action. However, it is not necessary to consider defendant's statute of limitations defense, because plaintiff's claims are barred by sovereign immunity.